UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HARRELL'S LLC, and FLORALA, LLC,

        Plaintiffs,

v.                          Case No. 8:10-cv-1499-T-33AEP

AGRIUM ADVANCED (U.S.)
TECHNOLOGIES, INC.,

        Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Agrium's Motion to Stay Discovery (Doc. # 23), which was filed on December 7, 2010. Plaintiffs Harrell's and Florala filed a Response in Opposition to the motion on December 14, 2010. (Doc. # 24). Also before the Court is Agrium's Motion for Protective Order (Doc. # 39), which was filed on April 18, 2011. For the reasons that follow, the Court grants the motion to stay discovery and denies as moot the motion for protective order.

**I.   Procedural History**

Harrell's and Florala initiated this action for damages and equitable relief against Agrium on July 6, 2010. (Doc. # 1). On October 19, 2010, Harrell's and Florala filed an amended complaint that contains the following counts: (1 and 2) declaratory judgment; (3) injunctive relief enjoining breach of duty; (4) equitable accounting; (5) restitution by

disgorgement; and (6) breach of contract. (Doc. # 3). The Court has diversity of citizenship jurisdiction over this matter pursuant to 28 U.S.C. § 1332. On January 3, 2011, Agrium filed its answer, counterclaim for breach of operating agreement by Harrell's, and motion to dismiss count one of the amended complaint. (Doc. # 26, 27). Harrell's and Florala responded to the motion to dismiss on January 31, 2011. (Doc. # 34).

II. **Arbitration Issues**

   A. **Motion to Compel Arbitration**

Agrium filed a motion to compel arbitration on November 12, 2010 (Doc. # 10), arguing that the parties' dispute is subject to a binding agreement to arbitrate that is contained within the parties' operating agreement. Harrell's and Florala responded on November 22, 2010, asserting "the scope of the narrow arbitration agreement offered by [Agrium] does not embrace arbitration of the claims in this case." (Doc. # 16 at 1). Agrium filed a reply memorandum on December 3, 2010, contending, among other things, that arbitration is required because "the factual allegations forming the basis of each and every claim in the Amended Complaint are identical to the factual impasse items that are subject to arbitration under Section 15.03 [of the parties' operating agreement]."

(Doc. # 22 at 1). The Court has yet to resolve the motion to compel arbitration.

**B.     Motion to Stay Discovery and for Protective Order**

On December 7, 2010, Agrium filed a motion stay discovery pending resolution of the motion to compel arbitration. (Doc. # 23). Essentially, Agrium argues that, if it participates meaningfully in discovery, it will be deemed to have waived its right to pursue arbitration. Agrium also filed a motion for protective order on April 18, 2011, asserting similar arguments to those it asserted in its motion to stay discovery: "Engaging in discovery while the Motion to Compel Arbitration is pending would defeat the very purpose of that Motion and the arbitration clause itself–namely, to try to avoid the costs associated with this litigation and instead to create the opportunity for a relatively inexpensive and expedient process to resolve the disputes." (Doc. # 39 at 5).

As will be discussed herein, the Court grants the motion to stay discovery pending resolution of the motion to compel arbitration. It is therefore unnecessary for the Court to analyze the motion for protective order. The order granting the motion to stay discovery moots the motion for protective order.

3

### C. Analysis

A number of courts have determined that participation in litigation, including discovery, can militate in favor of a finding that a party has waived their right to arbitrate. See Citibank v. Stok & Assocs., 387 F. App'x 921, 924 (11th Cir. 2010)(participating in litigation can satisfy the first prong of the waiver test when a party seeking arbitration substantially participates in litigation to a point inconsistent with the intent to arbitrate.")(internal citations omitted).

In addition, Harrell's and Florala have taken the position that, if Agrium participates in discovery, it will be deemed to have waived its request to arbitrate. Counsel for Harrell's and Florala indicated in a written communication to Agrium that "it is our fixed position that [Agrium's] proceeding with discovery in this action will constitute a waiver by [Agrium] of arbitration and any other related relief requested in its Motion to Compel Arbitration and to Stay proceedings under applicable law." (Doc. # 23-1 at 2).

In its response to the motion to stay discovery pending resolution of the motion to compel arbitration, Harrell's and Florala recognize the existence of "ample case law holding that a Court may suspend discovery pending the resolution of

4

a motion to compel discovery" but argue that the Court should not stay discovery here because this case presents "exceptional circumstances." (Doc. # 24 at 2). Harrell's and Florala rely on <u>Int'l Ass'n of Heat & Frost Insulators and Asbestos Workers v. Leona Lee Corp.</u>, 434 F.2d 192, 194 (5th Cir. 1970) and <u>Koch Fuel Int'l, Inc. v. S. Star</u>, 118 F.R.D. 318, 320 (S.D.N.Y. 1987).

The Court has considered the arguments of the parties and determines that it is appropriate to stay discovery pending resolution of the motion to compel arbitration. There are no exceptional circumstances here that require denial of the motion to stay. The cases cited by Harrell's and Florala describing exceptional circumstances are inapposite to the present case. Specifically, in <u>Int'l Ass'n of Heat & Frost Insulators</u>, the court required the parties to engage in discovery "to the extent necessary for the presentation of matters submitted for Trade Board and Arbitration determination" where a collective bargaining agreement required "the settlement of disputes in Trade Board proceedings, followed by arbitration in the event the Trade Board failed to reconcile the parties' differences." 434 F.2d at 193.

Likewise, in <u>Koch Fuel</u>, an admiralty case, the court

held, "Although discovery on the subject matter of a dispute to be arbitrated generally has been denied, courts have recognized that discovery may be appropriate in exceptional circumstances . . . [such as] where a vessel with crew members possessing particular knowledge of the dispute is about to leave port." 118 F.R.D. at 320.  The facts of the present case are not aligned with the facts of the cases mentioned by Harrell's and Florala and do not present exceptional circumstances.  After due consideration, the Court grants the motion to stay discovery.

    Accordingly, it is hereby

    **ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Agrium's Motion to Stay Discovery (Doc. # 23) is **GRANTED**.

(2) Discovery is **STAYED** pending the Court's ruling on Agrium's Motion to Compel Arbitration (Doc. # 10).

(3) Agrium's Motion for Protective Order (Doc. # 39) is denied as moot.

    **DONE** and **ORDERED** in Chambers in Tampa, Florida, this 27th day of April 2011.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:  All Counsel of Record